Filed 1/5/16 P. v. Cunningham CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E063440 |
| v. | (Super.Ct.No. SWF1300545) |
| CHARLES KENNETH CUNNINGHAM, | O P I N I O N |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County. Judith C. Clark, Judge. Affirmed in part and reversed in part with directions.

Leonard J. Klaif, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, and Eric A. Swenson, Lynne G. McGinnis, and Joy Utomi, Deputy Attorneys General, for Plaintiff and Respondent.

On April 27, 2015, the court granted defendant and appellant Charles Kenneth Cunningham's petition for resentencing pursuant to Penal Code section 1170.18, subdivision (a).[1] The court reduced the count 1 offense to a misdemeanor and sentenced defendant to 364 days of jail to be served concurrent to the eight-year sentence it imposed on the remaining count and enhancements. The court granted defendant the same total of 632 days of custody credits, consisting of 316 actual and 316 local conduct days, as it had at defendant's initial sentencing on November 15, 2013.

On appeal, defendant contends the court should have awarded him additional actual days of custody credits for the time he spent incarcerated between the date of his original sentencing and the date of his resentencing. The People concede the issue. We reverse and remand the matter for recalculation and an award of the total amount of credits defendant should receive for the total amount of actual days defendant spent incarcerated.

## I.  FACTUAL AND PROCEDURAL BACKGROUND[2]

On January 4, 2013, an officer noticed defendant sitting on a bus bench. The officer recognized defendant as a parolee at large. Defendant was also on a concurrent grant of probation. The officer attempted to detain defendant, informing defendant there

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] For their factual recitation, the parties rely on the facts as recounted in the probation officer's report filed on April 27, 2015, after defendant filed his petition for resentencing. We shall rely on the probation officer's report for our recitation of the facts as well.

was a warrant for his arrest. Defendant ran. The officer pursued. Defendant twice stopped and raised his arms in a fighting position. The officer struck defendant several times. The officer fired a Taser at defendant, to no effect. The officer took defendant to the ground, where defendant continued to resist despite numerous commands to comply. The officer was eventually able to subdue and handcuff defendant. Officers found 20 opiate-based Dilaudid pills, for which defendant did not have a prescription, inside a plastic baggie on defendant's person.

On January 18, 2013, the People charged defendant by felony complaint with the unlawful possession of hydromorphone (count 1; Health & Saf. Code, § 11350, subd. (a)), resisting a peace officer in the performance of his duties by threats and violence (count 2; Pen. Code, § 69), and the unlawful possession of drug paraphernalia (count 3; Health & Saf. Code, § 11364.1). The People additionally alleged defendant had sustained 10 prior prison terms (Pen. Code, § 667.5, subd. (b)) and two prior strike convictions (Pen. Code, §§ 667, subds. (c), (e)(2)(A), 1170.12, subd. (c)(2)(A)). On August 6, 2013, the court struck one of the prior strike conviction allegations pursuant to *Romero*.[3]

On October 15, 2013, pursuant to a plea agreement, defendant pled guilty to the count 1 and 2 offenses and admitted two prior prison terms and one prior strike conviction. In return, the court sentenced defendant to a determinate term of nine years four months' incarceration to be served concurrently with a suspended 13-year sentence

---

[3] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

3

in another case, case No. SWF1200798.[4]  The court dismissed count 3 and the eight

remaining prior prison term allegations.  On the same date defendant was sentenced in

the instant case, defendant was found in violation of his probation in case No.

SWF1200798, had his probation vacated, and was sentenced to 13 years' imprisonment.[5]

On December 3, 2014, defendant filed a petition for resentencing pursuant to

section 1170.18, subdivision (a) in both cases.  On January 16, 2015, the court granted

defendant's petition in case No. SWF1200798, reduced his count 1 offense to a

misdemeanor, and struck all 10 prior prison allegations attached to the count 1 offense.

On January 30, 2015, the People filed a response to defendant's petition in the

instant case noting that although defendant was eligible for resentencing on the count 1

offense, he was ineligible for resentencing on the count 2 offense.  On March 27, 2015,

the court referred the matter out for preparation of a probation officer's report.

In his report, the probation officer noted that the date of defendant's arrest was

January 4, 2013, and the date of his release from local custody, his sentencing date, was

November 15, 2013.  Therefore, defendant was entitled to the same amount of credits

---

[4]  Defendant had pled guilty on September 11, 2012, in case No. SWF1200798, to one count of the unlawful possession of a controlled substance (count 1; Health & Saf. Code, § 11350, subd. (a)) and the unlawful possession of drug paraphernalia (count 2; former Health & Saf. Code, § 11364.1).  Defendant additionally admitted he had suffered 10 prior prison terms.  (Pen. Code, § 667.5, subd. (b).)  The court suspended the proceedings and granted defendant 36 months of formal probation.

[5]  Defendant's suspended sentence was conditioned on his completion of a substance abuse treatment program.  Defendant was discharged from a program in which he was enrolled.  Defendant never informed either his parole or probation officer of his termination from the program.

4

which had been awarded at his original sentencing:  316 days actual and 316 local conduct for a total of 632 days' credit.  The probation officer further noted:  "For the Court's information, any time spent in local custody awaiting transfer to state prison is the responsibility of the Department of Corrections and Rehabilitation [(DCR)].  This date represents when the defendant was originally sentenced in the instant matter although he remained in local jail until November 26, 2013, awaiting transfer.  Furthermore, the defendant is not entitled to additional local custody credit in the instant matter while awaiting resentencing and any time spent in local custody remains the responsibility of the [DCR]."

The court reduced the count 1 offense to a misdemeanor and ordered defendant to serve 364 days, concurrent to the sentence imposed on count 2 and the enhancements.  The court imposed a determinate term of eight years' imprisonment, consisting of the following:  the upper term of three years on count 2, doubled pursuant to the prior strike conviction, and two consecutive one-year terms for the prior prison term enhancements.

The court, pursuant to the probation officer's recommendation, granted custody credits of 316 actual and 316 conduct days for a total of 632 days of credit.  Defense counsel noted:  "I think the court is supposed to . . . state the actual credits from that date until today's date in the abstract of judgment, and I think . . . that is 528 actual days from the date of his original sentence."  The court instead ordered:  "The [DCR] . . . to calculate and award appropriate credits and good time credits to the defendant from those dates forward."

5

## II.  DISCUSSION

Defendant contends the court was required to recalculate his custody credits to reflect the total amount of *actual* days defendant had spent incarcerated from his arrest through to *resentencing*.  The People concede the court erred in directing DCR to calculate the credit for the total amount of actual days defendant spent incarcerated.  We agree.

"[W]hen a prison term already in progress is modified . . . the sentencing court must recalculate and credit against the modified sentence *all actual time* the defendant has already served, whether in jail or prison, and whether before or since he was originally committed and delivered to prison custody."  (*People v. Buckhalter* (2001) 26 Cal.4th 20, 29.)  "[T]he trial court, having modified defendant's sentence . . . [is] obliged, in its new abstract of judgment, to credit him with all *actual* days he ha[s] spent in custody, whether in jail or prison, up to that time."  (*Id.* at p. 37.)

Here, defense counsel correctly observed that the court should calculate and award credits for the actual days defendant spent incarcerated.  Nonetheless, the court directed DCR to calculate defendant's credits, including credits for the actual days defendant spent incarcerated between the day of his original sentencing and the date of his resentencing.  Thus, the court erred in neglecting to calculate and award defendant credit for all the actual days defendant spent incarcerated.

6

## III.  DISPOSITION

The judgment is reversed in part and the case is remanded to the court to calculate and award defendant credits for all the actual days defendant spent incarcerated.  The court is directed to forward a copy of the new abstract of judgment to the DCR.  (*People v. Buckhalter*, *supra*, 26 Cal.4th at p. 41.)  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

KING

Acting P. J.

We concur:

MILLER

J.

CODRINGTON

J.

7